UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

FARREN ROMANUS DAKIN and
CHRISTINA MICHELE DAKIN,

Case No.: 8:19-bk-11138-CPM
Chapter 12

        Debtors.
_____/

> **NOTICE OF OPPORTUNITY TO
> OBJECT AND REQUEST FOR HEARING**
>
> Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 30 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated.
>
> If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602 and serve a copy on the movant's attorney, Kathleen L. DiSanto, Esq., Bush Ross, P.A. Post Office Box 3913, Tampa, Florida 336601-3913, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.
>
> If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

**DEBTORS'
OBJECTION TO CLAIM NO. 27 FILED BY THE SCOULAR COMPANY**

Farren Romanus Dakin ("**Mr. Dakin**") and Christina Michele Dakin ("**Mrs. Dakin**" and together with Mr. Dakin, the "**Dakins**" or the "**Debtors**"), by and through undersigned counsel, pursuant to Bankruptcy Rule[1] 3007 hereby object to the claim of The Scoular Company ("**Scoular**") docketed on the claims register maintained by the clerk of this Court as Claim No.

---

[1] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. All references to a "Bankruptcy Rule" or the "Bankruptcy Rules" are to the applicable rule of the Federal Rules of Bankruptcy Procedure.

6EE982602.DOC

27-2 ("**Claim 27**"). In support of this objection (the "**Objection**"), the Debtors state as follows:

1. On November 22, 2019 (the "**Petition Date**"), the Debtors filed a voluntary petition (the "**Petition**") under chapter 12 of the Bankruptcy Code in the United States Bankruptcy Court, for the Middle District of Florida, Tampa Division. On the Petition Date, Farren Dakin Dairy, LLC and Farren Dakin Dairy, Inc. also filed voluntary petitions for relief under chapter 12 of the Bankruptcy Code in the United States Bankruptcy Court, for the Middle District of Florida, Tampa Division.

2. On January 31, 2020, Scoular filed Claim 27, asserting an unsecured claim against both Debtors in the amount of $678,820.85, based on an alleged personal guaranty of the obligations of Farren Dakin Dairy, Inc. by both of the Debtors. Claim 27 alleges that, as of the Petition Date, $150,279.99 (the "**Note Claim**") was owed on account of a replacement promissory note (the "**Replacement Note**") and $528,540.86 was owed on account of unpaid invoices associated with Farren Dakin Dairy, LLC's account (the "**Dairy LLC Claim**").[2]

3. Over ten years ago, in 2009, Farren Dakin Dairy, Inc. initiated a business relationship with Scoular and began purchasing feed from Scoular. In connection with the credit Scoular extended Farren Dakin Dairy, Inc., the Debtors executed a personal guaranty in favor of Scoular on or about November 30, 2009.

4. On or about December 29, 2015, Farren Dakin Dairy, LLC was formed. Thereafter, Farren Dakin Dairy, LLC initiated a new relationship with Scoular. The Debtors did not execute any personal guaranties of any obligations incurred by Farren Dakin Dairy, LLC. Indeed, all of the invoices attached to Claim 27 are directed to Farren Dakin Dairy, LLC, and ***not*** to Farren Dakin Dairy, Inc.

---

[2] Scoular has filed an identical claim in the Farren Dakin Dairy, LLC case. *See* proof of claim 16-2.

5. The Replacement Note dated July 24, 2018 evidencing the Note Claim identifies Farren Dakin Dairy, Inc. and Mr. Dakin as the makers of the Note. However, Mr. Dakin crossed through the "Inc." in Farren Dakin Dairy, Inc. on the signature block, wrote in "LLC," and executed the note on behalf of himself, individually, and Farren Dakin Dairy, LLC.

## Objection to Claim

6. The Debtors seek the entry of an order disallowing the Dairy LLC Claim and disallowing Claim 27 to the same extent. As to Mr. Dakin, Claim 27 should be limited to the Note Claim, in the amount of $150,279.99. As to Mrs. Dakin, Claim 27 should be disallowed in its entirety because she is not a maker of the Replacement Note, and is not liable for the Note Claim by virtue of her personal guaranty, as Farren Dakin Dairy, Inc. did not execute the Replacement Note.

7. It is evident from the documents Scoular attached to Claim 27 that the Debtors did not personally guaranty the obligations of Farren Dakin Dairy, LLC. The Guaranty provides that it is to be construed according to Nebraska law. Similar to Florida law, under Nebraska law, "a guaranty is interpreted using the same general rules as are used for other contracts." *Builders Supply Co., Inc. v. Czerwinski*, 748 N.W. 2d 645, 654 (Neb. 2008) (citing *State ex rel Wagner v. Amwest Surety Ins. Co.*, 738 N.W. 2d 805 (Neb. 2007)). Nebraska law also embraces "the rule of strict construction of guaranty contracts." *Id.* Importantly, "[w]hen the meaning of the contract [guaranty] is ascertained or its terms are clearly defined, the liability of the guarantor is controlled absolutely by such meaning and limited to the precise terms." *Id.* (quoting *Hunter v. Huffman*, 189 N.W. 166 (Neb. 1922)).

8. Applied to the facts of this case and Claim 27, the precise terms of the Guaranty limit the Guaranty to the obligations of Farren Dakin Dairy, Inc. Therefore, the Debtors cannot be liable for the obligations of Farren Dakin Dairy, LLC.

9. Similarly, the Replacement Note is not an obligation of Farren Dakin Dairy, Inc., as Mr. Dakin executed the Replacement Note in his individual capacity and on behalf of Farren Dakin Dairy, LLC.  Mrs. Dakin is not liable for the Note Claim because she is a maker of the Replacement Note and the Replacement Note is not subject to Mrs. Dakin's personal guaranty of Farren Dakin Dairy, Inc.'s obligations.

10. The Debtors reserve the right to supplement this Objection on additional grounds that may be discovered through formal or informal discovery.

WHEREFORE, the Debtors respectfully request that this Court enter an order (i) sustaining the Objection, (ii) disallowing Claim 27 as provided above, (iii) awarding attorney's fees and costs to the Debtors, and (iv) granting such other and further relief as the Court deems just and proper.

Dated: Tampa, Florida
       June 24, 2020

BUSH ROSS, P.A.
Post Office Box 3913
Tampa, Florida  33601-3913
(813) 224-9255 (telephone)
*Counsel for the Debtors*

By: /s/ Kathleen L. DiSanto
    Kathleen L. DiSanto
    Florida Bar No. 58512
    kdisanto@bushross.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 24, 2020, I electronically filed a true and correct copy of the foregoing with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system and I furnished a copy of the foregoing document(s) to the following parties in the manner of service indicated below:

                                        /s/ Kathleen L. DiSanto
                                          ATTORNEY

**Via the CM/ECF system which will send a Notice of Electronic Filing to:**

Assistant United States Trustee
Jon M. Waage, Chapter 12 Trustee
United States Trustee
Chad S. Paiva, Esq.
John C. Hanson, II, Esq.
Matthew E. Eutzler, Esq

**Via first class United States Mail, postage prepaid, to:**

Jim Harding, 1800 2nd Street, Suite 802, Sarasota, FL 34232

Jim Harding, Senior Group Manager, c/o The Scoular Company, Inc., 1800 2nd Street, Suite 802, Sarasota, FL 34232

The Scoular Company, Inc., c/o CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324

The Scoular Company, Inc., c/o David M. Faith, Chairman and President, 2027 Dodge Street, Omaha, NE 68102